# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF KANSAS

MARK PADFIELD, et al., )
)
      Plaintiffs, ) **CIVIL ACTION**
)
v. ) No. 09-2388-MLB
)
DICK EDWARDS AUTO PLAZA, INC., )
et al., )
)
      Defendants. )
)

## MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to dismiss count 3 of plaintiffs' second amended complaint. (Doc. 18). The motion has been fully briefed and is ripe for decision. (Docs. 19, 23, 27). Defendants' motion is denied for the reasons herein.

**I. Facts**

Plaintiffs Mark Padfield, Jennifer Howard, John Stephen, Brian McIntyre, Jason Tyler, Richard Black and Mario Carrasco are all either currently or previously members of the United States Army. Plaintiffs either currently are or have been stationed at Fort Riley, Kansas. Defendant Dick Edwards Auto Plaza is a dealership in Junction City, Kansas. Defendants Richard Edwards and Lloyd Roberts are employed at the Auto Plaza.

Plaintiffs purchased vehicles from the Auto Plaza during the first four months of 2007. Plaintiffs allege that defendants misrepresented the options on the vehicles that they purchased. Plaintiffs further allege that they were given credit to purchase the vehicles based on an inflated price due to the fact that the "phantom"

options were not on the vehicles.  In order to purchase the cars, due to the lack of credit plaintiffs had as newly enlisted members of the Army, plaintiffs utilized a program called the MILES program (Military installment Loan and Educational Services).  The MILES program uses the lending services of US BANK to provide auto loans to soldiers.  The Auto Plaza was associated with the MILES program and would recover fees after a sale.

Plaintiffs allege that out of forty-eight cars sold by the Auto Plaza in 2007 through the MILES program, forty-six of those cars did not have options which were reported to be on the vehicle at the time of the sale.  The Auto Plaza allegedly took in over $56,000 in sales for these "phantom" options.

In their complaint, plaintiffs do not specify the date of their specific purchases or the statements made by employees of the Auto Plaza regarding the "phantom" options.  Defendants move for dismissal on the basis that plaintiffs have not plead the fraud count with particularity as required by Fed. R. Civ. P. 9(b).

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known.  To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations,

however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

## III. Analysis

Defendants assert that dismissal of the fraud claims is warranted under Fed. R. Civ. P. 9(b), which provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." The purpose of this rule is to provide a defendant with fair notice of any fraud claim and the factual grounds upon which those claims are based. Koch v. Koch Indus., Inc., 203 F.3d 1202, 1236 (10th Cir. 2000). This heightened form of pleading, however, must be balanced with the requirements of Rule 8 for "simple, concise, and direct" pleadings. Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). Significantly, Rule 9(b) does not raise the required level of pleading to fact pleading; it is still a form of notice pleading. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1298, at 410 (1969); see also Bennett v. Schmidt, 153 F.3d 516, 517 (7th Cir. 1998). To provide adequate notice, a plaintiff must provide the "time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." Lawrence Nat'l Bank v. Edmonds (In re Edmonds), 924 F.2d 176, 180 (10th Cir. 1991). Stated differently, a plaintiff must set forth the "who, what, where, and when" of the fraud claim. Plastic

Packaging Corp. v. Sun Chemical Corp., 136 F. Supp. 2d 1201, 1203 (D. Kan. 2001) (citations omitted).

Under Kansas law, "[w]here a plaintiff seeks to recover because of the fraud of the defendants, based upon false representations, it is incumbent upon him to allege and prove what representations were made, that they were false, that he believed them to be true, and that he relied and acted upon them to his detriment." Minnesota Ave., Inc. v. Automatic Packagers, Inc., 211 Kan. 461, 466, 507 P.2d 268, 272 (1973). Plaintiffs have failed to allege the date the statements were made, who made the statements, the contents of those statements and that plaintiffs relied on those statements in purchasing the cars. Instead, plaintiffs have provided a date range of when the cars were purchased along with a general allegation that defendants made false statements regarding the options on the vehicles. Plaintiffs' allegations do not meet the heightened standard required by Rule 9(b).

In realizing that their allegations may not be sufficient, plaintiffs request that the court allow them the opportunity to amend prior to dismissing their claim. Plaintiffs must amend their complaint to comply with Rule 9(b) by March 15, 2010. McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991) ("[T]he preferred practice is to accord a plaintiff notice and an opportunity to amend his complaint before acting upon a motion to dismiss for failure to state a claim[.]").

**IV. Conclusion**

Defendants' motion to dismiss count 3 is denied. Plaintiffs must file an amended complaint by March 15, 2010, which complies with this order.

-4-

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this <u>  4th  </u> day of March 2010, at Wichita, Kansas.

<u>s/ Monti Belot</u><br>
Monti L. Belot<br>
UNITED STATES DISTRICT JUDGE